Daren Laterre JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–05–00038–CR.

Court of Appeals of Texas,
Waco.

Feb. 8, 2006.

Wes Ball, Arlington, for Appellant/Relator.

Tim Curry, Tarrant County Crim. Dist. Atty., Fort Worth, for Appellee/Respondent.

**SPECIAL NOTE**

TOM GRAY, Chief Justice.

Chief Justice GRAY provides a Special Note to clarify his participation in this case.

I have not had an adequate amount of time to consider and vote on this case. I thought Justice Reyna and I had an agreement to delay the issuance of this case until after the Court had decided what to do with another case. This case has an issue in it that is the same issue as another case that we have pending on rehearing. In the case pending on rehearing I have been working on a comprehensive analysis of the issue. I had advised Justice Reyna of that forthcoming analysis in an opinion on rehearing. The draft opinion on rehearing was submitted to Justice Reyna, and he has forwarded it and his comments to Justice Vance. It has not been returned to me from Justice Vance. When Justice Reyna indicated that he intended to issue this opinion, I reminded him of the agreement I thought that we had regarding delaying the issue date until the opinion on rehearing was decided. His response was that he had reviewed the draft opinion on rehearing and it will not affect the decision on this case. I understand that is his opinion, but I respectfully disagree with his conclusion.

Regardless of what we do in this case, the research and analysis on the same issue performed by one chamber can be impacted by the research and analysis done by another chamber, or at least it should, if nothing other than requiring consistency between the two. Justice Reyna has arrived at his conclusion regarding both cases but currently is the only justice who has done so. Because I thought I had an agreement to delay the issuance of this opinion, I set it aside until the opinion on rehearing was concluded and a decision on it had been reached.

After I reminded Justice Reyna of our agreement, I was told that the opinion would issue two days from now, on February 8, 2006. That is all well and good for Justice Reyna, but not for me.

I have just concluded two extensive dissenting opinions. One is in an accelerated appeal and the other is in a much older criminal case, both of which are being issued on the same date as this case. *Roberts v. Roberts*, No. 10–05–00134–CV, 2006 WL 301099, 2006 Tex.App. LEXIS —— (Tex.App.-Waco Feb. 8, 2006, no pet. h.) (Chief Justice Gray concurring and dissenting); *Tingler v. State*, No. 10–04–00224–CR, 2006 WL 300817, 2006 Tex.App. LEXIS —— (Tex.App.-Waco Feb. 8, 2006, no pet. h.) (Chief Justice Gray dissenting). Currently, I am deeply involved in reviewing the draft opinion and working on an analysis of an appeal of a termination of parental rights case, also an accelerated appeal. That analysis has required that I read the entire record. I have also been asked to review an opinion on Petition for Discretionary review with a deadline that cannot be moved. *See* Tex.R.App. P. 50. All these cases have a higher priority than this one. And in this one, the majority is affirming a criminal conviction. I could understand the urgency a little better if it was a reversal. It is not.

So in this case, as well as other cases that Justices Reyna and Vance choose to issue without giving me adequate time to conduct my analysis, I will continue with the application of what I believe to be the priorities assigned by the legislature and the applicable rules. I do not think that the internal administrative rules adopted by Justices Reyna and Vance can override those priorities set by the legislature and the high courts of this State. It appears the desired result of the internal administrative rules is to keep me from conducting the analysis that I believe is necessary,

including depriving me of the time necessary to prepare a dissenting or concurring opinion when I believe it is appropriate. To some extent it has already had that effect because they have chosen to issue opinions on the vote of only two justices, and it has hastened or truncated my opinions in others. I might could better understand, indeed justify, a procedure calling for some deadline by which an opinion must move on in the circulation process if we had not had a clearance rate of 112% and an average time for a case to be pending in this Court of only just over 12 months at the time the internal rules were adopted in May of 2005. And we have continued to be one of the highest producers for the disposition of cases of the 14 intermediate appellate courts in Texas.

So, I must ask, as should you: Why rush any case out the door without letting every judge have the time needed for their own review and analysis? This is especially ironic when you factor into the mix that I have a dozen or so draft opinions prepared that Justice Reyna now refuses to review under the procedures that have been in place in this Court for the past two years. Likewise, Justice Vance refuses to review them.

Thus, because I have not had an adequate amount of time to review the merits of this case, I am not prepared to cast a vote concurring or dissenting in the judgment of the other two justices. *See Tex. Genco, LP v. Valence Operating Co.,* 187 S.W.3d 118, 125 (Tex.App.-Waco, 2006, no pet. h.) (Special Note by Chief Justice Gray issued Jan. 25, 2006); *Krumnow v. Krumnow,* 174 S.W.3d 820, 830–842 (Tex. App.-Waco, 2005, pet. filed) (Special Note by Chief Justice Gray issued Aug. 31, 2005).